UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



KAWANZA SOUTH and LEONARD
SOUTH, as wrongful death beneficiaries
of Sheila South, Deceased

PLAINTIFFS

VS.                                    CIVIL ACTION NO.   3:15cv342DPJ-FKB

JOSEPH AUSTIN, M.D, and
VICKSBURG WOMEN'S CARE, INC.,
a Mississippi corporation; and
JOHN and JANE DOES, I-5                                    DEFENDANTS

## COMPLAINT

### JURY TRIAL REQUESTED

Plaintiff would respectfully show the following:

1.      Plaintiffs Kawanza South and Leonard South are adult resident citizens of
Louisiana.  They are the adult children of Sheila South, Deceased, and constitute the
decedent's wrongful death beneficiaries.  Plaintiffs have complied with the notice
requirements of the Mississippi Medical Malpractice Limitation of Actions Statute, MCA
§15-1-36(15), prior to commencing the present action.

2.      Defendant Joseph Austin, M.D. is an adult resident of Mississippi, and is a
physician licensed to practice medicine in the state of Mississippi.

3.      Defendant Vicksburg Women's Care, Inc., is a Mississippi corporation,
operating as a medical facility in Mississippi, and is doing business in Mississippi.

4.      Defendants John and Jane Does 1-5 are individuals who are presently unknown to the Plaintiff, but who had responsibility for the care and/or treatment of Sheila South at material times.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332, diversity of citizenship.  The Plaintiff and the Defendants are residents of different states and the amount in controversy exceeds, exclusive of interest and costs, $75,000.00.

6.      At all times material, Defendant Joseph Austin, M.D., was acting as the agent of Defendant Vicksburg Women's Care, Inc., and within the scope of his agency.  The Defendants John and Jane Does 1-5 were employees and/or agents of Joseph Austin, M.D. and/or Vicksburg Women's Care, Inc. and were acting within the scope of their employment and/or the scope of their agency.  Defendants John and Jane Does 1-5 are unknown Defendants whose employment, agency and/or involvement are not known at this time.

7.      At all times material, the physician/patient relationship existed between Defendants and Sheila South, Deceased.

8.      On March 7, 2013, Plaintiff's decedent, Sheila South, was admitted to River Region Medical Center for a transvaginal hysterectomy and left salpingo-oophorectomy. The surgical procedures were performed by Defendant Joseph Austin, M.D.  Sheila South became markedly hypotensive following the surgery on March 7, 2013 and was transferred to the ICU at River Region Medical Center.  Ms. South's condition continued to deteriorate. She was suffering from postoperative bleed, hemorrhagic shock, acute renal failure, pulmonary edema, acute respiratory failure, hepatic failure, sepsis and severe hypotension. Ms. South passed away on March 20, 2013, and the death certificate lists the immediate

cause of death as cardiac arrest, due to or as a consequence of renal failure, due to or a consequence of post operative hemorrhage.

9.      As a proximate result of the negligence and breaches of the standard of care by Defendants Austin and Vicksburg Women's Care, Inc., the post operative hemorrhage of Plaintiff's decedent was not timely diagnosed or treated, resulting in multiple organ failure, sepsis and death.

10.      The breaches of standard of care by the Defendants include, 1) Failure to perform a CAT scan when there was a drop in Ms. South's blood pressures and suspected blood loss on March 7, 2013; 2) Failure to determine the source of the bleeding on March 7, 2013, and take appropriate surgical measures; 3) Failure to determine the source of the blood loss when the CAT scan performed on March 12, 2013, revealed ongoing blood loss with blood in the pelvis and evidence of acute hemorrhage; and 4) Failure to provide proper post operative follow-up to detect the post operative bleed and control it.  Other breaches of the standard of care may become apparent when further information is obtained.

11.      As a direct and proximate result of negligence and breaches of the standard of care by Defendants Austin and Vicksburg Women's Care, Inc., Plaintiff's decedent, Sheila South, died on March 20, 2013.

12.      As a result of the wrongful death of Sheila South, Deceased, Plaintiffs, as the wrongful death beneficiaries are entitled to damages including pain and suffering of Sheila South, before her death, the net cash value of her life, the loss of her society and companionship, and her funeral and burial expenses.

WHEREFORE, Plaintiffs demand judgment of and against the Defendants in an amount exceeding the minimum jurisdictional limits of this Court, and for all damages

allowable under the Mississippi Wrongful Death Statute, plus costs of this action and interest from the date of judicial demand.

*Rajita Iyer Moss*
_____
BOB OWENS, MSB # 3967
RAJITA IYER MOSS, MSB # 10518
BOBBY L. OWENS, MSB #104421
OWENS MOSS, PLLC
770 NORTH WEST STREET
POST OFFICE BOX 808
JACKSON, MS 39205-0808
TELEPHONE (601) 352-8443
FACSIMILE (601) 352-8452

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONSULTATION

I, RAJITA IYER MOSS, declare that I have reviewed the facts of this case and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence, whom I reasonably believe is knowledgeable in the relevant issues involved in this action, and, I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

This the 5th day of May, 2015.

*Rajita Iyer Moss*
_____
RAJITA IYER MOSS