UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KWANZA SOUTH, ET AL.                                                                                   PLAINTIFFS

V.                                                                         CIVIL ACTION NO. 3:15CV342-DPJ-FKB

JOSEPH AUSTIN, M.D., ET AL.                                                                      DEFENDANTS

ORDER

This medical-malpractice case came before the Court on December 9, 2016, for Pre-Trial Conference. During the conference, the Court discussed the six pending motions in limine with the parties.

I.      Standard

As summarized by the Fifth Circuit Court of Appeals:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation omitted).

II.     Motions

    A.  Experts and Vicarious Liability [86]

Defendants first seek to limit each party to one retained gynecological expert. Plaintiffs agreed, and the parties have now identified which experts will be called. Defendants also request an order precluding any attempt to prove that Defendant Vicksburg Women's Care, Inc. ("VWC") is vicariously responsible for any alleged negligence by Dr. Norman Connell. Plaintiffs have not offered an expert report suggesting that Dr. Connell was negligent, and they

do not anticipate making that argument at trial unless the door is opened in some way.  The motion is therefore granted subject to Plaintiffs' right to address the matter outside the presence of the jury if they believe Defendants opened the door.

B.  Household Services Damages [88]

Defendants seek to preclude evidence that the beneficiaries suffered a loss of household services.  According to them, such damages are not recoverable for children once they reach the age of majority, or in the alternative should not be awarded after the date that Leonard South moved out of the house.

To begin, Defendants' motion is untimely to the extent it suggests that these damages are *per se* unrecoverable.  Though filed as a motion in limine, the motion really seeks partial summary judgment and should have been filed before the deadline for dispositive motions.  Regardless, the motion is not compelling.  First, Defendants cite no relevant or binding authority suggesting that a beneficiary cannot seek damages for loss of services after reaching the age of majority.  By statute, wrongful-death beneficiaries may seek "all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit."  Miss. Code. Ann. § 11-7-13.  Whether Plaintiffs can prove these damages is another matter, but that question is for the jury to decide.  Second, the mere fact that Leonard South moved after his mother's death does not foreclose his demand for lost services.  Again, it is for the jury to determine whether Plaintiffs have offered a non-speculative factual basis for these damages.  This motion is denied.

      C.  Collateral Sources [94]

Both sides agree that Plaintiffs may not seek damages for medical bills the Defendants wrote off.  *See McGee v. River Region Med. Ctr.*, 59 So. 3d 575, 581 (Miss. 2011).  Otherwise, the motion is granted as to other collateral sources.

      D.  Religious Beliefs [95]

Plaintiffs move to exclude any evidence of their religious beliefs under Federal Rule of Evidence 610, which states that "[e]vidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."  When Defendants deposed the two Plaintiff children, both indicated that they believe in heaven and that their mother is in it.  Defendants state that they may offer this evidence not as an attack on the witnesses' credibility, but as a mitigation of their emotional distress.  The questions asked during the depositions do not speak to Plaintiffs' credibility, and the evidence will not be excluded on this basis.  That said, if Plaintiffs request a limiting instruction, the Court will instruct the jury on Rule 610.

      E.  Motion for Leave to File a Motion in Limine Out of Time Regarding Fringe Benefits [104]

Defendants seek leave to file a delinquent motion in limine regarding fringe benefits.  According to them, certain fringe benefits are not recoverable in damages because "lost income of the decedent [is recoverable] only to the extent that they would have actually benefitted from the income."  Defs.' Mem. [105] at 2 (citing *Littlejohn v. Werner Enters., Inc.*, No. 1:14-CV-00044-SA-DAS, 2015 WL 3868092, at *4 (N.D. Miss. June 23, 2015)).  As before, this is really a dispositive motion filed as a motion in limine, and it comes after all deadlines have passed.  It is therefore denied.  Regardless, Defendants' sole authority for the motion does not address

3

fringe benefits, which otherwise appear to be recoverable if properly supported by the evidence. *See Rebelwood Apartments RP, LP v. English*, 48 So. 3d 483, 496–97 (Miss. 2010) ("Fringe benefits must not be added unless they actually have been received."). Whether Plaintiffs have sufficient proof of this claim is for the jury to decide. This motion is therefore denied.

    F.   Motion for Protective Order to Prevent Deposition of Plaintiffs' Expert [109]

Plaintiffs have withdrawn the notice; this motion is therefore denied as moot.

III.   Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed in this Order would not have altered the result. For the reasons explained, the Court finds Defendants' motion in limine [86] is granted, Defendants' motion in limine [88] is denied, Defendants' motion for leave to file [104] is denied, Defendants' motion for a protective order [109] is denied as moot, Plaintiffs' motion in limine [94] is granted in part and denied in part, and Plaintiffs' motion in limine [95] is denied.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2016.

                                           s/ *Daniel P. Jordan III*
                                           UNITED STATES DISTRICT JUDGE